Michelle R. Ghidotti-Gonsalves, Esq. (232837)
Jennifer R. Bergh, Esq. (305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Phone: (949) 354-2601
Facsimile: (949) 200-4381
Email: mghidotti@ghidottilaw.com

Attorneys for Movant,
Wilmington Savings Fund Society, FSB, D/B/A,
Christiana Trust as Trustee of the Residential
Credit Opportunities Trust Series 2015-1,
its successors and assigns

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>JOHN D. DENNIS and<br>BARBARA A. DENNIS<br><br>Debtors. | CASE NO.: 12-57746<br><br>CHAPTER 13<br><br>REF.: MRG-1<br><br>**SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR's FURTHER OPPOSITION TO WILMINTON SAVINGS FUND SOCIETY, FSB, D/B/A,CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1's MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>DATE: 12.7.16<br>TIME: 11:30 AM<br>CTRM: Suite 214<br>PLACE: United States Bankruptcy Court<br>1000 S. Main Street, #214<br>Salinas, CA 93901<br>Honorable Hannah L. Blumenstiel |

1

SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR's FURTHER OPPOSITION TO WILMINTON SAVINGS FUND SOCIETY, FSB, D/B/A,CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1's MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1  I, Ron C. McMahan declare:

2      1. I am the Trust Administrator for Movant Wilmington Savings Fund Society, FSB,

3  D/B/A, Christiana Trust as Trustee of the Residential Credit Opportunities Trust Series 2015-

4  1 ("**Movant**").

5      2. I make this declaration based upon the facts testified herein, all of which are in my

6  personal knowledge, unless stated upon information and belief. As to the statements made

7  upon information and belief, I believe them to be true. If called as a witness, I could and

8  would competently testify thereto.

9      3. I am personally familiar with the books, records and files of Movant that pertain to

10  loans and extensions of credit given to Debtor BARBARA A. DENNIS (hereinafter referred

11  to jointly as the "**Debtors**") concerning the property commonly known as 1628 Hilby

12  Avenue, Seaside, CA 93955-6105 (the "**Property**"). I have personally worked on books,

13  records and files, and as to the following facts, I know them to be true of my own knowledge

14  or I have gained knowledge of them from the business records of Movant on behalf of

15  Movant, which were made at or about the time of the events recorded, and which are

16  maintained in the ordinary course of Movant's business at or near the time of the acts,

17  conditions or events to which they relate. Any such document was prepared in the ordinary

18  course of business of Movant by a person who had personal knowledge of the event being

19  recorded and had or has a business duty to record accurately such event. The business

20  records are available for inspection and copies can be submitted to the Court if required.

21      4. On November 13, 2009 Debtors executed a Home Affordable Modification

22  Agreement to amend and supplement the Deed of Trust of the Property and the Note secured

23  by the Deed of Trust ("**Loan Modification Agreement**").

24      5. Paragraph 3(c) of the Loan Modification Agreement provides that payment schedule

25  of the modified loan would be as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estiamted Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payment |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|

SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR's FURTHER OPPOSITION TO
WILMINTON SAVINGS FUND SOCIETY, FSB, D/B/A,CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST SERIES 2015-1's MOTION FOR RELIEF FROM THE AUTOMATIC STAY

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.00% | 11/01/2009 | $1,223.85 | $277.31* May adjust periodically | $1,501.16 May adjust periodically | 12/01/09 | 60 |
| 6 | 3.00% | 11/01/2014 | $1,421.83 | May adjust periodically | May adjust periodically | 12/01/2014 | 12 |
| 7 | 4.00% | 11/01/2015 | $1,630.81 | May adjust periodically | May adjust periodically | 12/01/2015 | 12 |
| 8-40 | 5.00% | 11/01/2016 | $1,849.09 | May adjust periodically | May adjust periodically | 12/01/2016 | 396 |

6. On October 26, 2012, Debtors filed a petition under Chapter 13 of the United States Bankrupcy Code (the "**Instant Petition**").

7. On January 8, 2015, Debtors were sent an annual escrow account disclosure statement which provided the mortgage payment effective March 1, 2015 would increase to $1,693.26 (the "**Escrow Statement**"). A true and correct copy of the Escrow Statement is attached hereto as Exhibit "1".

8. Movant's loan is due for the January 1, 2016 payment and all subsequent payments as follows:

| | | | |
|---|---|---|---|
| 12/1/14-2/1/15 | 3 late charges @ $85.31 | = | $255.93 |
| 4/1/15 | 1 late charge @ $85.31 | = | $85.31 |
| 7/1/15 | 1 late charge @ $85.31 | = | $85.31 |
| 9/1/15 | 1 late charge @ 85.31 | = | $85.31 |
| 10/1/15-11/1/15 | 2 late charges @ $85.31 | = | $170.62 |
| 01/01/16-12/1/16 | 12 payments @ $1,903.24 | = | $22,838.88 |
| 12/1/15 | 1 late charge @ $97.85 | = | $97.85 |
| 12/2/15 | Corporate Advance @ $1,326.00 | = | $1,326.50 |
| 12/2/15 | Escrow Advance @ $4,738.43 | = | $4,738.43 |
| 12/2/15 | Corporate Advance @ $171.00 | = | $171.00 |
| 6/1/16 | Reserve Balance | = | ($1,080.71) |
| 6/1/16 | Attorney Fees and Costs | = | $1,026.00 |
| **Total Post-Petition Default** | | = | **$29,800.43** |

9. The Debtors' confirmed Chapter 13 Plan provides for ongoing monthly payments to

3

SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR's FURTHER OPPOSITION TO WILMINTON SAVINGS FUND SOCIETY, FSB, D/B/A,CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1's MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 12-57746    Doc# 41    Filed: 12/06/16    Entered: 12/06/16 17:34:50    Page 3 of 14

Movant. However, Movant's loan is due for twelve (12) post-petition mortgage payments.

10. The total owed to Movant is no less than approximately $491,774.66.

11. Debtors filed further opposition to Movant's Motion for Relief from Stay on December 5, 2016, two (2) days before the hearing date.

12. In Debtors Opposition, Debtors assert that Movant has not applied any payments received in 2016 (the "**Account Statement**"). Attached to Debtors' Opposition are ten (10) payments. Each payment is reflected on the Account Statement attached hereto. Pursuant to Local Bankruptcy Rule 4001-1 (g)(1), a true and correct copy of an Account Statement outlining unpaid post-petition obligations is attached hereto as Exhibit "2" and incorporated herein by reference.

13. Movant does not dispute that Debtors tendered a payment in the amount of $1,478.09 on October 8, 2016. This payment is reflected in the Account Statement attached and is reflected in the reinstatement figures above.

14. Each payment received the amount of $1,478.09 has been short, as is reflected on the Account Statement attached hereto.

15. Movant has continuously contacted Debtors' Counsel to resolve the post-petition default by Adequate Protection Order and Debtors' Counsel did not respond to enter into and Adequate Protection Order.

16. Movant seeks relief from stay herein to proceed with its non-bankruptcy remedies including, but not limited to, continuing its efforts to foreclosure upon the Property, obtaining possession of and selling the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this _6th_ day of _December_, 2016 at Seal Beach, California.

_____
Ron C. McMahan, Trust Administrator

SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR's FURTHER OPPOSITION TO WILMINTON SAVINGS FUND SOCIETY, FSB, D/B/A,CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1's MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# EXHIBIT "1"



**S**ELENE ® **F**INANCE
9990 Richmond, Suite 400 South
Houston, TX 77042-4546

**ANNUAL ESCROW ACCOUNT
DISCLOSURE STATEMENT**

LOAN NUMBER: REDACTED
DATE: January 8, 2015

REDACTED

BARBARA A DENNIS
1628 HILBY AVE
SEASIDE CA 93955-6105

| | Previous Payment | New Payment Effective 03/01/15 |
|---|---|---|
| PRINCIPAL AND INTEREST | $1,223.85 | 1,421.83 |
| ESCROW | $344.88 | 271.43 |
| TOTAL PAYMENT | $1,568.73 | 1,693.26 |

**CUSTOMER SERVICE  877-735-3637**

### COMING YEAR ESCROW PROJECTION

The purpose of the Coming Year Escrow Projection is to determine the lowest balance "Low Point" to which your escrow account will decline over the upcoming year. The purpose of the Low Balance Summary is to compare the projected and allowable low point amounts. If the projected low point is greater than the allowable low point (*), there is a surplus. If the surplus is $50.00 or greater, it will be automatically refunded to you(**). If the surplus is less than $50.00, we have lowered your payment accordingly. If the projected low point is less than the allowable low point(*), there is a shortage and/or deficiency which will be recovered by an adjustment to your monthly payment over a specified number of months. The adjustment  amount(s) appears in the Low Balance Summary and New Payment Information.

| ANTICIPATED ESCROW DISBURSEMENT | | MONTH | PAYMENTS TO ESCROW | DESCRIPTION | PAYMENTS FROM ESCROW | CUR BAL PROJECTION | REQ BAL PROJECTION |
|---|---|---|---|---|---|---|---|
| COUNTY TAX | 2,578.20 | | | BEGINNING BALANCE | | -22.99 | 1,560.53 |
| HAZARD INS | 678.99 | 03/15 | 271.43 | CNTY UE/2S 1 | 1,289.10 | -1,040.66 | 542.86 * |
| | | 04/15 | 271.43 | | .00 | -769.23 | 814.29 |
| | | 05/15 | 271.43 | | .00 | -497.80 | 1,085.72 |
| | | 06/15 | 271.43 | | .00 | -226.37 | 1,357.15 |
| | | 07/15 | 271.43 | | .00 | 45.06 | 1,628.58 |
| TOTAL DISBURSEMENTS | 3,257.19 | 08/15 | 271.43 | HOME INS | .00 | 316.49 | 1,900.01 |
| DIVIDED BY 12 MONTHS | | 09/15 | 271.43 | | 678.99 | -91.07 | 1,492.45 |
| | | 10/15 | 271.43 | | .00 | 180.36 | 1,763.88 |
| MONTHLY ESCROW DEPOSIT | 271.43 | 11/15 | 271.43 | CNTYUE/1S 1S | 1,289.10 | -837.31 | 746.21 |
| | | 12/15 | 271.43 | | .00 | -565.88 | 1,017.64 |
| | | 01/16 | 271.43 | | .00 | -294.45 | 1,289.07 |
| LOW BALANCE SUMMARY | | 02/16 | 271.43 | | .00 | -23.02 | 1,560.50 |
| PROJECTED LOW POINT | -1,040.66 | TOTAL | 3,257.16 | | 3,257.19 | | |
| ALLOWABLE LOW POINT | 542.86 | | | | | | |
| SURPLUS | 520.69 | | | | | | |

The cushion allowed by federal law (RESPA) is two  times  your  monthly  escrow  payment (excluding MIP/PMI), unless state law specifies a lower amount.

### IMPORTANT MESSAGES

R
E
D
A
C

PLEASE RETURN LOWER PORTION WITH YOUR PAYMENT AND KEEP THE TOP PORTION FOR YOUR RECORDS



**S**ELENE ®
**F**INANCE

BARBARA A DENNIS

**\*\*ESCROW  SURPLUS**

Your analysis has determined a surplus exists in your account however, our records indicate that as of the date of this analysis your monthly mortgage payment(s) is past due.  Please contact our office regarding the surplus at 877-735-3637.

| LOAN NUMBER |
|---|
| REDACTED |
| **SURPLUS AMOUNT** |
| **$520.69** |

# ESCROW ACCOUNT HISTORY

♦ This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure. The projections from your previous escrow analysis are to the left of the actual payments, disbursements and escrow balance. By comparing the actual escrow payments to the previous projections listed, you can determine where a difference may have occurred.

♦ An asterisk (*) indicates a difference in either the amount or date.

♦ When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

♦ Your projected low point may or may not have been reached based on one or more of the following factors:

| **PAYMENT(S)** | **TAXES** | **INSURANCE** |
|---|---|---|
| • Monthly payment(s) received earlier OR later than expected | • Tax rate and/or assessed value changed | • Premium changed |
| • Monthly payment(s) received were less than OR greater than expected | • Exemption status lost or changed | • Coverage changed |
| | • Supplemental/Delinquent tax paid | • Additional premium paid |
| • Previous overage was returned to escrow | • Tax bill paid earlier OR later than expected | • Insurance bill paid earlier OR later than expected |
| • Previous shortage not paid entirely | • Tax installment not paid | • Premium was not paid |
| | • Tax refund received | • Premium refund received |
| | • New tax escrow requirement paid | • New insurance escrow requirement paid |
| | | • Lender placed insurance premium paid |

| MONTH | PAYMENTS TO ESCROW | | DISBURSEMENTS FROM ESCROW | | DESCRIPTION | ESCROW BALANCE | |
|---|---|---|---|---|---|---|---|
| | PROJECTED | ACTUAL | PROJECTED | ACTUAL | | PROJECTED | ACTUAL |
| | | | | | BEGINNING BALANCE | .00 | -4,607.62 |
| 08/14 | | 689.76* | | | | .00< | -3,917.86 |
| 09/14 | | 344.88* | | 678.99* | HOME INS | .00 | -4,251.97 |
| 11/14 | | 344.88* | | 1,289.10* | CNTYUE/1S 1S | .00 | -5,196.19< |
| 12/14 | | 344.88* | | | | .00 | -4,851.31 |
| 01/15 | | 4,483.44* E | | E | | .00 | -367.87 |
| 02/15 | | 344.88* E | | E | | .00 | -22.99 |

Under Federal Law (RESPA) the lowest monthly balance in your escrow account should not exceed $0.00 or 1/6th of the total anticipated annual disbursement from your escrow account, unless your mortgage documents or state law specifies a lower amount. When your escrow balance reaches its lowest point during the account cycle, that balance is targeted to be your cushion amount. Under the Mortgage Contract or State or Federal Law, the targeted low point in your escrow account is $0.00 and the actual low point balance was -$5,196.19; the amount is indicated with an arrow (<).

# EXHIBIT "2"

| Due Date | Amount Due | Date Paid | Amount Paid | Suspense | Notes |
|---|---|---|---|---|---|
| 11/1/2012 | $1,223.85 | 11/7/2012 | $1,496.28 | $272.43 | |
| 12/1/2012 | $1,223.85 | 12/31/2012 | $1,478.09 | $526.67 | |
| 1/1/2013 | $1,223.85 | 1/8/2013 | $1,478.09 | $780.91 | |
| 2/1/2013 | $1,568.73 | 2/7/2013 | $1,478.09 | $690.27 | Payment Short $90.64 |
| 3/1/2013 | $1,568.73 | 3/6/2013 | $1,478.09 | $599.63 | Payment Short $90.64 |
| | | | | | No payments received 4/1/13, 5/1/13, 6/1/13, 7/1/13 |
| 4/1/2013 | $1,568.73 | 8/6/2013 | $1,478.09 | $508.99 | Payment Short $90.64 |
| 5/1/2013 | $1,568.73 | 9/9/2013 | $1,478.09 | $418.35 | Payment Short $90.64 |
| 6/1/2013 | $1,568.73 | 10/7/2013 | $1,478.09 | $327.71 | Payment Short $90.64 |
| 7/1/2013 | $1,568.73 | 11/11/2013 | $1,478.09 | $237.07 | Payment Short $90.64 |
| 8/1/2013 | $1,568.73 | 12/9/2013 | $1,478.09 | $146.43 | Payment Short $90.64 |
| 9/1/2013 | $1,568.73 | 1/9/2014 | $1,478.09 | $55.79 | Payment Short $90.64 |
| | | 2/10/2014 | $1,478.09 | $1,533.88 | Payment Short $90.64, Suspense funds not sufficient to complete full payment, applied to suspense |
| 10/1/2013 | $1,568.73 | 3/11/2014 | $1,478.09 | $1,443.24 | Payment Short $90.64 |
| 11/1/2013 | $1,568.73 | 4/10/2014 | $1,478.09 | $1,352.60 | Payment Short $90.64 |
| 12/1/2013 | $1,568.73 | 5/9/2014 | $1,478.09 | $1,261.96 | Payment Short $90.64 |
| | | 6/19/2014 | $1,478.09 | $1,261.96 | Payment received, and rev. on 6/25/14 due to Non-Sufficient Funds |
| 1/1/2014 | $1,568.73 | 7/11/2014 | $1,478.09 | $1,171.32 | Payment Short $90.64 |
| 2/1/2014 | $1,568.73 | 8/11/2014 | $1,478.09 | $1,080.68 | Payment Short $90.64 |
| 3/1/2014 | $1,568.73 | 9/9/2014 | $1,478.09 | $899.40 | Payment Short $90.64 |
| | | 10/10/2014 | $1,478.09 | $899.40 | Payment received and rev. on 10/24/14 due to Non-Sufficient Funds |
| 4/1/2014 | $1,568.73 | 11/10/2014 | $1,478.09 | $899.40 | Payment Short $90.64 |

| | | | | | |
|---|---|---|---|---|---|
| 5/1/2014 | $1,568.73 | 12/9/2014 | $1,478.09 | $808.76 | Payment Short $90.64 |
| 6/1/2014 | $1,568.73 | 1/12/2015 | $1,478.09 | $718.12 | Payment Short $90.64 |
| 7/1/2014 | $1,568.73 | 2/9/2015 | $1,478.09 | $627.48 | Payment Short $90.64 |
| 8/1/2014 | $1,568.73 | 3/10/2015 | $1,478.09 | $536.84 | Payment Short $90.64 |
| 9/1/2014 | $1,568.73 | 5/10/2015 | $1,478.09 | $446.20 | Payment Short $90.64 |
| 10/1/2014 | $1,568.73 | 6/12/2015 | $1,478.09 | $355.56 | Payment Short $90.64 |
| 11/1/2014 | $1,568.73 | 7/13/2015 | $1,478.09 | $264.92 | Payment Short $90.64 |
| 12/1/2014 | $1,693.26 | 8/17/2015 | $1,478.09 | $49.75 | Payment Short $215.17 |
| | | | | | No Payments Received 9/1/15, 10/1/15, 11/1/15, or 12/1/15 |
| | | 1/1/2016 | $1,478.09 | $1,527.84 | Payment Short $215.17, applied to suspense account |
| 1/1/2015 | $1,693.26 | 1/1/2016 | $1,478.09 | $1,312.67 | Payment Short $215.17 |
| 2/1/2015 | $1,693.26 | 1/1/2016 | $1,478.09 | $1,097.50 | Payment Short $215.17 |
| 3/1/2015 | $1,693.26 | 1/1/2016 | $1,478.09 | $882.33 | Payment Short $215.17 |
| 4/1/2015 | $1,693.26 | 1/22/2016 | $1,478.09 | $667.16 | Payment Short $215.17 |
| 5/1/2015 | $1,693.26 | 2/16/2016 | $1,478.09 | $451.99 | Payment Short $215.17 |
| 6/1/2015 | $1,693.26 | 3/23/2016 | $1,478.09 | $236.82 | Payment Short $215.17 |
| 7/1/2015 | $1,693.26 | 4/14/2016 | $1,478.09 | $21.65 | Payment Short $215.17 |
| | $1,693.26 | 5/12/2016 | $1,478.09 | $1,499.74 | Payment Short $215.17, applied to suspense accoun |
| 8/1/2015 | $1,693.26 | 6/14/2016 | $1,478.09 | $1,284.57 | Payment Short $215.17 |
| 9/1/2015 | $1,693.26 | 7/14/2016 | $1,478.09 | $1,069.40 | Payment Short $215.17 |
| 10/1/2015 | $1,693.26 | 8/14/2016 | $1,478.09 | $854.23 | Payment Short $215.17 |
| 11/1/2015 | $1,693.26 | 9/27/2016 | $1,478.09 | $639.06 | Payment Short $215.17 |
| 12/1/2015 | $1,903.24 | 10/21/2016 | $1,478.09 | $213.91 | Payment Short $425.15 |
| 1/1/2016 | $1,903.24 | | | | |
| 2/1/2016 | $1,903.24 | | | | |
| 3/1/2016 | $1,903.24 | | | | |
| 4/1/2016 | $1,903.24 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 5/1/2016 | $1,903.24 | | | | |
| 6/1/2016 | $1,903.24 | | | | |
| 7/1/2016 | $1,903.24 | | | | |
| 8/1/2016 | $1,903.24 | | | | |
| 9/1/2016 | $1,903.24 | | | | |
| 10/1/2016 | $1,903.24 | | | | |
| 11/1/2016 | $1,903.24 | | | | |
| 12/1/2016 | $1,903.24 | | | | |
| | | | | | |
| | | | | | |

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 27180)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. LaPalma Ave., Suite 206
Anaheim, CA 92807
Ph:  (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorney for Movant
Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, as Trustee of the Residential
Credit Opportunities Trust Series 2015-1 its
Successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  12-57746 |
| John D. Dennis aka John Durwood Dennis aka John D. Dennis, Jr. and Barbara A. Dennis aka Barbara Ann Dennis aka Barbara Dennis, | CHAPTER 13 |
| | **CERTIFICATE OF SERVICE** |
| Debtors. | Honorable Hannah L. Blumenstiel |
| | Property: 1628 Hilby Ave., Seaside, CA 93955 |

<u>**CERTIFICATE OF SERVICE**</u>

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 5120 E. LaPalma Ave., Ste. 206, Anaheim, CA 92807.

1

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with FedEx Shipping Service; such correspondence would be deposited with FedEx the same day of deposit in the ordinary course of business.

On December 6, 2016 I served the following documents described as:

- **SUPPLEMENTAL DECLARATION OF RON C. MCMAHAN IN REPLY TO DEBTOR'S FURTHER OPPOSITION TO WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

on the interested parties in this action by  placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via FedEx Overnight)

| **Debtor**<br>John D. Dennis<br>1628 Hilby Ave<br>Seaside, CA 93955 | **Chapter 7 Trustee**<br>Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, CA 95150-0013 |
|---|---|
| **Joint Debtor**<br>Barbara A. Dennis<br>1628 Hilby Ave<br>Seaside, CA 93955 | **US Trustee**<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |
| **Debtor's Counsel**<br>Ralph P. Guenther<br>Dougherty and Guenther<br>601 S Main St.<br>Salinas, CA 93901 | **Judge**<br>Honorable Hannah L. Blumenstiel<br>PO Box 36099<br>San Francisco, CA 94120 |

__xx___(By Overnight FedEx) At my business address, I placed such envelope for deposit with FedEx Shipping Services by placing them for collection and mailing on that date following ordinary business practices.

/././
/././
/././
/././
/././
/././
/././
/././

2

Case: 12-57746    Doc# 41    Filed: 12/06/16    Entered: 12/06/16 17:34:50    Page 13 of 14

1          _____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the
2   Eastern District of California

3   __xx_ (Federal) I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct.

4
5               Executed on December 6, 2016 at Anaheim, California

6   */s / Jeremy Romero*
    Jeremy Romero

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28